UNITED STATES, Plaintiff–Appellee,

v.

Jose GONZALEZ, Defendant–Appellant.

Docket No. 01–1381 (L).

United States Court of Appeals, Second Circuit.

Oct. 11, 2002.

Robert E. Nicholson, Brooklyn, NY, for Appellant.

Emily Berger, Assistant United States Attorney for the Eastern District of New York, Brooklyn, NY, (Roslynn R. Mauskopf, United States Attorney, on the brief), for Appellee.

Present JACOBS, LEVAL and KATZMANN, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be, and it hereby is, **VACATED AND REMANDED IN PART, AND IN REMAINING PART, AFFIRMED.**

Jose Gonzalez appeals from the judgment and sentence entered in the United States District Court for the Eastern District of New York (Gleeson, J.), following his guilty plea to one count of conspiracy to launder money, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). Gonzalez's plea was obtained pursuant to a plea agreement, which included a provision purportedly waiving Gonzalez's right to appeal. Citing this provision, the Government moved to dismiss the appeal, which Gonzalez had filed without the assistance of his appointed counsel. His counsel subsequently filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which counsel concluded that there are no non-frivolous issues to present on appeal and that he does not oppose the Government's motion to dismiss the appeal; counsel also requested that he be relieved from his representation of Gonzalez. The Government then moved that this Court summarily affirm the judgment of conviction.

By order dated July 1, 2002, we denied the Government's motion to dismiss the appeal, finding that Gonzalez's waiver of his right to appeal was at least partially ineffective. We asked the Government and Gonzalez's counsel to file supplemental letter briefs confined to the issue of whether the district court erred in imposing the term of supervised release that it did. We expressly reserved decision on the *Anders* motion and the Government's motion for summary affirmance.

In their supplemental letter briefs, both parties agree that the district court erred in imposing a five-year term of supervised release. The count to which Gonzalez pleaded guilty carries a maximum term of imprisonment of twenty years. *See* 18 U.S.C. § 1956(a)(1). This crime is therefore a Class C felony, *see* § 3559(a)(3), and the maximum term of supervised release for Class C felonies is three years, *see* § 3583(b)(2); *see also* United States Sentencing Guidelines Manual § 5D1.2(a)(2) (2001) (providing a two- to three-year term of supervised release for Class C felonies).

We agree with the parties that there should be a remand for the district court to correct the portion of Gonzalez's sentence concerning supervised release. We therefore vacate that portion of Gonzalez's sentence and remand to the district court for partial resentencing. The motion of Gonzalez's counsel to be relieved of his representation of Gonzalez is denied. Finding no other non-frivolous issues to consider on this appeal, the judgment is otherwise affirmed, on the Government's motion.

For the foregoing reasons, the judgment of the district court is hereby **VACATED AND REMANDED IN PART, AND IN REMAINING PART, AFFIRMED.**